

ENTERED
05/17/2017

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| BENITO  GONZALES JR., *et al* | § | **CASE NO: 11-10778** |
| Debtors | § | |
| | § | **CHAPTER  13** |
| | § | |
| | § | |
| | § | **JUDGE EDUARDO V. RODRIGUEZ** |

**MEMORANDUM OPINION**
**GRANTING DEBTORS' MOTION FOR ENTRY OF CHAPTER 13 DISCHARGE**
[*Resolving ECF No. 76*]

## I.  INTRODUCTION

Chapter 13 debtors are entitled to a discharge of most debts upon, *inter alia*, completion of all payments under the plan.  In the case at bar, the below-median income debtors moved for entry of a chapter 13 discharge despite failing to remain current on their post-petition mortgage payments but then, and pursuant to an agreed order entered after the chapter 13 Trustee's notice of plan completion but prior to the 60th month of the plan, paid the remaining claim in full. Given this set of facts, the question of first impression for this Court is whether the debtors are in fact eligible to receive a discharge?

## II.  FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014.  To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

On  December  21,  2011,  Benito  Gonzales  Jr.  ("***Debtor***")  and  Celia  H.  Gonzales

(collectively, the "***Debtors***") filed their petition under chapter 13 of title 11 of the United States Bankruptcy Code[1]. [ECF No. 1]. Schedule A lists the property at 545 Chapman St., San Benito, Texas (the "***Property***") as their homestead which was valued at $24,095.00 with a lien in the amount of $19,999.86. *Id.* at 8. Additionally, Schedule D lists "Onemain Financial" ("***OneMain***") as holding a secured claim on the Property in the amount of $18,772.00. *Id.* at 18. Finally, Schedule J lists the monthly mortgage payment as $224.00 per month. *Id.* at 27. Contemporaneously with the petition, Debtors filed their chapter 13 plan. [ECF No. 2] (the "***Plan***"). Although Debtors are below-median income wage earners and were only required to file a 36 month plan, Debtors proposed a 60 month plan. *See id.* Section 1 of the Plan provisions for 60 monthly payments in the amount of $450.00 to the chapter 13 Trustee ("***Trustee***") totaling $27,000.00. *Id.* at 1. Additionally, Section 7 of the Plan provisions for Debtors to pay the OneMain monthly mortgage in accordance with the pre-petition contract and not through the Trustee. *Id.*

On June 7, 2012, the Court confirmed Debtors' 60 month Plan. [ECF No. 35].

On August 19, 2013, CitiFinacial, Inc. ("***CitiFinancial***") filed a proof of claim in the amount of $18,746, in which OneMain continued to act as servicer for the mortgage. [Claim No. 12-1]. On April 30, 2014, CitiFinancial amended its claim and took over as the servicer on the mortgage. [Claim No. 12-2].

On July 11, 2016, CitiFinancial filed a Motion for Relief from Stay alleging that Debtors were $2,577.28 behind in their post-petition mortgage payments. [ECF No. 68].

On July 26, 2016, while CitiFinancial's motion for relief was pending, Trustee, after receiving all payments required by the Plan, issued a Notice of Plan Completion in which

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

Trustee represented, *inter alia*, that Debtors had made all payments to Trustee under the Plan. [ECF No. 69] (the "***Notice***"); *see also* [ECF No. 87].  Specifically, the Notice reads that Trustee "represents that the Debtors have attended a meeting of creditors, submitted to an examination under oath and have made all payments to the Chapter 13 Trustee as required by the Order Confirming the Chapter 13 Plan."  [ECF No. 69].  Additionally, the Notice lists various options regarding Debtors' mortgage, which provides that:

> A. no home mortgage payments were made under the plan, or
> B. the mortgage was paid pro-rata, or
> C. the collateral was surrendered, or
> D. the Debtors made home mortgage payments directly to the mortgagee, or
> E. the Trustee made ongoing mortgage payments during the course of the plan; however no payment changes were noticed by the mortgagee subsequent to confirmation or the last modification of the plan, or
> F. all unsecured claims were paid in full per confirmation requirements, or
> G. there was a net decrease in the mortgage payment.

*Id.* Under the terms of the confirmed Plan, July 2016 was month 55 of Debtors' Plan.

On August 1, 2016, CitiFinancial and Debtors entered into an Agreed Order Conditioning the Automatic Stay wherein Debtors stipulated that the amount of unpaid post-petition mortgage payments totaled $2,776.80.  [ECF No. 74] (the "***Agreed Order***").  Pursuant to the Agreed Order, Debtors were required to pay CitiFinancial $2,776.80 within 30 days after entry of the Agreed Order or file a plan modification and resume regular mortgage payments.  *Id.* at ¶ ¶ 3–4.  In exchange, CitiFinancial agreed that the automatic stay should remain in place on Debtors' Property until there was either: (i) a final default, (ii) case dismissal, or (iii) Debtors' received their discharge.  *Id.* at ¶ 6.

On August 18, 2016, Debtors filed their Certification and Motion for Entry of Chapter 13 Discharge seeking an entry of discharge pursuant to 11 U.S.C. § 1328(a).  [ECF No. 76] (the "***Motion***").  Further, the Motion certifies that Debtors made all payments required by the Plan.

*Id.* at 2.

On September 15, 2016, this Court set a hearing on the Motion for October 4, 2016. [ECF No. 77].  At the October 4, 2016 hearing, Debtor testified that he made all required payments to Trustee and that he and his wife are current on their mortgage payments to CitiFinancial.  The Court questioned Debtors as to whether the delinquent amount due under the Agreed Order had been paid.  Debtor responded by stating that he sent a check, which CitiFinancial cashed, however, the Court was not provided any evidence of such check. Accordingly, the Court reset the hearing to November 7, 2016.

At the November 7, 2016 hearing, Debtors offered, and the Court admitted, Exhibit A which is a copy of a cancelled check, dated August 18, 2016, issued to CitiFinancial in the amount of $2,776.80, which represented the payment under the Agreed Order.  *See* [ECF No. 81-1] (the "***Check***").  Debtors represented that they continue to make regular mortgage payments to CitiFinancial and requested entry of their discharge.  The Court questioned Trustee's filing of the Notice, which attested to the fact that there were no mortgage payments made under the plan when, in fact, Debtors were making payments under Section 7 of the Plan to CitiFinancial, *but* were behind $2,776.80 at the time of the Notice.  Debtors argued that Trustee was likely acknowledging that Trustee did not administer any mortgage payments through her office. Further, Debtors asserted that all payments have been completed and that they are entitled to a discharge.  The Court requested briefing on the issue of whether Debtors have in fact timely completed all payments under the confirmed plan and were entitled to a chapter 13 discharge and ordered Debtors to submit a brief on or before December 7, 2016, and Trustee to file a responsive brief no later than December 22, 2016.  [ECF No. 82].

On December 8, 2016, Debtors filed their Brief in Support of the Motion that asserted

that all payments under the Plan were completed when Debtors complied with the Agreed Order, not when Trustee filed a Notice of Plan Completion. [ECF No. 82] ("***Debtors' Brief***").

On December 22, 2016, Trustee filed her Response to Debtors' Brief and posits that filing the Notice was appropriate because Debtors had in fact completed all payments to Trustee under the Plan. [ECF No. 87] (the "***Response***"). Trustee asserts that it would be unreasonable to require her to determine whether a debtor made all direct mortgage payments and suggests that the Notice has no impact on whether Debtors are eligible for a discharge. *Id.* at 2. The matter is now ripe for decision.

### III.  LEGAL STANDARD

Section 1328(a) provisions for a bankruptcy court to grant a debtor a discharge of debts provided for by the plan "as soon as practicable after completion by the debtor of all payments under the plan." Notably, long-term mortgages in which the last payment is due after the date on which the final payment under the plan is due are not discharged when payments under the plan are completed. § 1328(a)(1). Nevertheless, the Fifth Circuit held that a debtor "may serve as a disbursing agent" as to some payments, including home mortgage payments under a chapter 13 plan. *In re Foster*, 670 F.2d, 478, 493 (5th Cir. 1982).

*Foster* involved a bankruptcy court's refusal to confirm a chapter 13 plan because the plan called for the debtors to make regular mortgage payments directly to the mortgage holder, while curing the arrearages through the chapter 13 Trustee. *Id.* at 482. A specific cause of concern was the phrase "outside the plan:" to wit, debtors proposed that "the current payments (on their mortgage claim) will be outside the plan according to the terms of the Note and Deed of Trust." *Id.* at 485. The debtors intended "outside the plan" to mean that mortgage payments would be made directly to the creditor, whereas the bankruptcy court interpreted the phrase "to

cause the current mortgage payments to be considered as not dealt with by the terms of the plan." *Id.* at 485–86. The Fifth Circuit reversed the bankruptcy court and determined that the plan could be confirmed with debtors paying a mortgage directly to the creditor. *Id.* at 482. Pursuant to 11 U.S.C. § 1326(b), the Fifth Circuit found that "Congress left open . . . the possibility of direct disbursements 'under the plan' by the Chapter 13 debtor." *Id.* at 486. Accordingly, the Fifth Circuit determined that "[i]f the bankruptcy court concludes that the debtor's acting as disbursing agent with respect to the current mortgage payments will not impair the debtor's ability to make all payments under, and to comply with, the plan, then the court is obligated to confirm." *Id.* at 487. Moreover, the Fifth Circuit held that when a plan provides for a claim's treatment—irrespective of whether the claim is paid through a trustee or directly to the creditor—the claim is provided for under the plan. *Id.* at 491.

Recently, the Fifth Circuit addressed a situation in which debtors were required to pay post-petition mortgage payments directly to Bank of America Home Loans and whether there was an impact on debtors' eligibility for a chapter 13 discharge. *In re Kessler*, 655 F. Appx. 242 (5th Cir. 2016). In *Kessler*, the debtors' confirmed plan called for pre-petition mortgage arrearage payments to be made to the trustee, whereas post-petition mortgage payments would be made directly by the debtors to Bank of America Home Loans. *Id.* at 243. The debtors "completed all payments due to the trustee, but did not make all of the direct mortgage payments to Bank of America Home Loans, resulting in a post-petition arrearage of $40,922.89," which resulted in the bankruptcy court's denial of entry of discharge. *Id.* Ultimately, the Fifth Circuit addressed the question of whether the debtors were entitled to a discharge. *Id.* Applying the *Foster* analysis to a chapter 13 discharge, the Fifth Circuit found that "post-petition mortgage payments, whether paid directly or through a trustee, are paid 'under the plan' when the plan also

provides for the curing of pre-petition arrears on the debt." *Id.* at 244 (citing *In re Foster*, 670 F.2d at 486, 488–89). Notably, the Fifth Circuit found that "[b]oth the payments toward curing pre-petition mortgage arrears and the post-petition maintenance payments fall under a Chapter 13 plan because both payments concern the same claim." *In re Kessler*, 655 F. Appx. at 244; *see also In re Kessler*, 2015 WL 4726794, at *2 (Bankr. N.D. Tex. June 9, 2015) (noting that based on *Foster*, "a payment truly outside the plan refers to a payment on a debt that is not provided for by the terms of a plan"). Thus, the Fifth Circuit determined that "[b]ecause the Kesslers failed to complete post-petition mortgage payments that fall under the plan, they did not qualify for a discharge under the plain terms of § 1328(a), which instructs a court to grant discharge only after completion of *all* payments under the plan." *In re Kessler*, 655 F. Appx. at 244.

## IV.  CONCLUSIONS OF LAW

### A.  Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). Here, the Court must determine whether Debtors satisfied § 1328 and are entitled to a discharge. [ECF No. 76]. Core proceedings include "matters concerning the administration of the estate," "determinations as to the dischargeability of particular debts," and "objections to discharges." § 157(b)(2)(A), (I), (J). Additionally, this matter is a core proceeding pursuant to § 157(b)(2) because the resolution will impact the debtor-creditor relationship: namely, if the Court grants the Motion, Debtors receive a discharge of the debts provided for in the Plan; whereas, if the

Motion is denied, Debtors will remain liable for their debts. *In re Sinclair*, 556 B.R. 801, 806 (Bankr. S.D. Tex. 2016). Accordingly, this is a core matter as it pertains to whether Debtors' are entitled to a general discharge of their debts. § 157(b)(2); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).[2]

This Court may only hear a case in which venue is proper. 28 U.S.C. § 1408. In their petition, Debtors' principal residence is in San Benito, Texas. Therefore, venue is proper.

### B. Constitutional Authority To Enter A Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 564 U.S. 462 (2011). *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters). *Stern* held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 564 U.S. at 503. The Fifth Circuit declined to extend *Stern*'s "limited holding" because *Stern* "expressly provides that its limited holding applies only in that one isolated respect." *In re Davis*, 538 F. Appx. 440, 443 (5th Cir. 2013) (citing *Stern*, 564 U.S. 502–503). The instant matter does not involve a state law counterclaim, as in *Stern*, but rather is squarely a core matter involving Debtors' ability to receive a discharge. *See* [ECF No. 76]; § 157(b)(2). Accordingly, this Court has the constitutional authority to enter a final order in this matter. *In re Sinclair*, 556 B.R. at 807.

### C. Debtors' Payments to CitiFinancial are Payments Under the Plan

In order to determine whether Debtors are eligible for a chapter 13 discharge, the Court must first consider the Fifth Circuit's decision in *Kessler* which requires the completion of all

---

[2] "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

payments under a plan, including direct payments from a debtor to a mortgagee, in order for a debtor to be eligible for a chapter 13 discharge.  655 F. Appx. at 244; *see also* § 1328(a).  In this case, it is undisputed that Debtors completed all payments to Trustee pursuant to the Plan.  [ECF No. 69].  However, the relevant question is whether Debtors completed all post-petition mortgage payments under the Plan.  Thus, the pressing issue is whether Debtors' Plan was complete when Trustee filed the Notice or when Debtors paid the amount of past due post-petition mortgage payments to CitiFinancial pursuant to the Agreed Order entered by the Court after the filing of the Notice.

The Fifth Circuit instructs that debtors are permitted to act as disbursing agents under the plan to pay their ongoing mortgages.  *In re Foster*, 670 F.2d at 486; *In re Perez*, 339 B.R. 385, 390 (Bankr. S.D. Tex. 2006).  Further, the Fifth Circuit reasoned that debtors who paid mortgagees directly under the plan are "availing themselves of Congressional intent permitting flexibility in proposing Chapter 13 plans and payment of claims."  *In re Heinzle*, 511 B.R. 69, 76 (Bankr. W.D. Tex. 2014) (citing *In re Foster*, 670 F.2d at 486).  "Any payment made in accordance with the provisions of a chapter 13 plan is a payment under the plan."  *In re Kessler*, 2015 WL 4726794, at *3; *see also In re Foster*, 670 F.2d at 486.  The phrase "provided for by the plan" is "commonly understood to mean that a plan 'makes a provision' for, 'deals with,' or even 'refers to' a claim."  *Rake v. Wade*, 508 U.S. 464, 474 (1993); *In re Harris*, 107 B.R. 204, 208 (Bankr. D. Neb. 1989); *see also In re Hoyt-Kieckhaben*, 546 B.R. 868, 872 (Bankr. D. Colo. 2016) ("But in truth, regardless of who disburses the payment, it is [sic] remains a payment under the plan whenever the plan contains a provision effecting the treatment of that secured creditor's claim.").  If a plan provision addresses the claim, irrespective of who disburses the payments to the creditor, those payments are under the plan.  *In re Hoyt-Kieckhaben*, 546 B.R. at

872.  Here, Debtors scheduled their home mortgage under Section 7 of the Plan.  [ECF No. 2 at 4].  Accordingly, the Plan provisions for CitiFinancial's claim pursuant to Section 7.  *Id.*; *see also Rake*, 508 U.S. at 474.  Thus, Debtors' payments to CitiFinancial are payments under the Plan.  *See In re Kessler*, 655 F. Appx. at 244.  Therefore, Debtors must have completed all payments to CitiFinancial prior to the culmination of the Plan in order to be eligible for a chapter 13 discharge.  *See id.*

### D.  Debtors are Eligible to Receive a Discharge

Recently, the Fifth Circuit determined that if a debtor fails to "complete post-petition mortgage payments that fall under the plan, they do not qualify for discharge under the plain terms of § 1328(a)."  *In re Kessler*, 655 F. Appx. at 244.  In this case, the crux of the issue is whether the Plan was completed when Debtors completed their payments to CitiFinancial pursuant to the Agreed Order or when the Trustee filed her Notice.  *Compare* [ECF No. 69] *with* [ECF No. 74].  Trustee's Notice was filed in month 55 of Debtors' Plan, whereas Debtors issued the Check to CitiFinancial in month 56.  *Compare* [ECF No. 69] *with* [ECF No. 74].  Debtors contend that the Plan was completed when all payments were made to CitiFinancial, rather than when Trustee filed her Notice.  [ECF No. 86].  Although Trustee does not take a position as to whether Debtors are entitled to a discharge, she contends that the Notice should have "no direct effect on Debtors' discharge" because Notice merely confirms that Debtors made all payments to Trustee as required by the Plan.  [ECF No. 87].

The Fifth Circuit addressed the impact of debtors completing a plan in the context of plan modification.  *In re Meza*, 467 F.3d 874 (5th Cir. 2006).  Prior to hearing a chapter 13 trustee's motion to modify, the debtors paid the entire remaining balance of their chapter 13 plan and subsequently objected to the trustee's motion to modify as untimely.  *Id.* at 876.  The Fifth

Circuit found that the trustee's motion to modify was timely because it had been filed prior to the completion of plan payments. *Id.* at 779. Notably, the court considered that allowing a modification after a debtor completes payments to the trustee would eviscerate the "mandatory nature" of § 1328. *Id.* at 878 (quoting *In re Casper*, 154 B.R. 243, 247 (N.D. Ill. 1993)).

Subsequent to the Fifth Circuit's ruling in *Meza*, our sister court considered, *inter alia*, whether a debtor must complete the applicable commitment period under 11 U.S.C. § 1325(b)(4)(B) to be eligible for a chapter 13 discharge. *In re Ezzell*, 438 B.R. 108 (Bankr. S.D. Tex. 2010). The court determined that under § 1325(b)(4)(B) "a debtor must provide for a five-year commitment period for the plan if (i) the chapter 13 trustee or an unsecured creditor objects; and (ii) the debtor has income above the State's median income." *Id.* at 112. In considering whether an unsecured creditor could move to modify after debtors completed plan payments to the trustee, but before the trustee distributed those payments, the court found that "completion of payments occurs when a debtor completes payments to the trustee." *Id.* at 115; *see also In re Sounakhene*, 249 B.R. 801, 804 (Bankr. S.D. Cal. 2000) (noting "it has generally been held that a plan is 'complete' when the debtor makes all the payments to the trustee").

At first blush, it appears that *Meza* and *Ezzell* foreclose Debtors from asserting that the Plan was completed when Debtors issued the Check to CitiFinancial rather than when Trustee filed her Notice. *See In re Meza*, 467 F.3d at 878; *In re Ezzell*, 438 B.R. at 115. However, *Meza* and *Ezzell* are factually inapposite to the matter at bar: to wit, neither case addresses a situation in which debtors were required to make direct mortgage payments under the terms of a confirmed plan. Notably "if the debtor has not completed all of the obligations undertaken in the plan to pay particular creditors, payments may not be deemed complete even if the total paid to the trustee matches the total the debtor proposed to pay in the portion of the plan detailing

payments to the trustee."  8 COLLIER ON BANKRUPTCY ¶ 1328.02 (16th ed. 2017); *see also In re Kessler*, 655 F. Appx. at 244.

*Kessler* expressly stands for the proposition that post-petition mortgage payments paid directly to a mortgagee must be completed, in addition to the payments to a trustee, in order for debtors to be eligible for a chapter 13 discharge.  *Id.*  Foreclosing Debtors from receiving a chapter 13 discharge because Trustee filed her Notice in month 55 of a 60-month Plan and prior to Debtors' compliance with the Agreed Order undermines the Fifth Circuit's determination that direct payments to a creditor are payments "under the plan," just as payments to a trustee are payments under the plan.  *See id.*; *In re Foster*, 670 F.2d at 486; *see generally In re Roberts*, 279 F.3d 91, 92–93 (1st Cir. 2002) (noting that completing the aggregate payments to the chapter 13 trustee did not relieve debtors "of their clear responsibility to comply with the other provisions in the plan"); *In re Schlegel*, 526 B.R. 333, 341 (9th Cir. B.A.P. 2015) (finding that debtors did not complete all of their payments under the plan pursuant to § 1328(a) despite making all payments to the trustee because they "failed to pay their unsecured nonpriority creditors the promised 48% dividend" in their confirmed plan).

Throughout the life of a chapter 13 plan, a chapter 13 trustee shall perform various duties, including "mak[ing] a final report and fil[ing] a final account of the administration of the estate with the court and with the United States Trustee."  11 U.S.C. § 1302(b)(1) (referencing 11 U.S.C. § 704(a)(9)).  Here, Trustee performed that duty by filing the Notice when Debtors had completed all payments to Trustee in month 55 of Debtors' 60-month Plan.  [ECF No. 69].  Yet, § 1328(a) requires, *inter alia*, that debtors complete payments under the plan in order to receive a discharge.  There is no statutory requirement for Trustee to file a notice of plan completion in order for debtors to be eligible for a discharge under § 1328(a).  *But see* § 1302(b)(1).  In this

case, Debtors completed the payments to Trustee in month 55 rather than month 60 because at month 55, Debtors had already paid $27,000.00 to the Trustee under the terms of the confirmed Plan, including 100% of the allowed general unsecured claims.  [ECF No. 87 at 1]; *compare* [ECF No. 2 at 1] *with* [ECF No. 69].  Thus, completion of all payments by Debtors triggered Trustee to file her Notice.  [ECF No. 69].  Trustee asserts that Kessler does not impose an affirmative duty on her to confirm all direct payments under the plan are paid to the respective creditors.  [ECF No. 87 at 2].  Rather, Trustee complied with her duties pursuant to § 1302(b)(1) by filing the Notice once Debtors paid all of their required monthly payments to Trustee.  [ECF No. 69].

Debtors assert that the Notice is limited to payments made to Trustee and does not encompass payments made directly by the debtors to CitiFinancial.  [ECF No. 86 at 3–4].  This Court agrees because the express language of Trustee's Notice provides for payments made to the Trustee, rather than encompassing all payments under the Plan.  *Id.* (representing that Debtors "have made all payments to the Chapter 13 Trustee" as required by the Plan). Additionally, the Notice certifies that Debtors "made home mortgage payments directly to the mortgagee," which corresponds to "D" in the Trustee's Notice.  *Compare* [ECF No. 69] *with* [ECF No. 2].

Pursuant to Fed. R. Bankr. P. 9011,[3] Trustee certified to this Court—by filing the Notice—that Debtors completed all payments to Trustee, which totaled $27,000.00 under the Plan.  [ECF No. 69]; *see also* [ECF No. 2].  In the Notice, Trustee included a list of seven alternatives—connected by the disjunctive "or"—to describe, *inter alia*, the treatment of

---

[3] "By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *inter alia*, that "the allegations and other factual contentions have evidentiary support."  Fed. R. Bankr. P. 9011(b)(3).

Debtors' mortgage under the plan.  [ECF No. 69].  Although Trustee does not affirmatively articulate which of the seven options apply to Debtors, Trustee's list of alternatives includes that "Debtors made home mortgage payments directly to the mortgagee."[4]  *Id.* As discussed above, Debtors were required to pay their mortgage directly to CitiFinancial.  [ECF No. 2].  Trustee did not certify that Debtors completed all payments to CitiFinancial, which as discussed above are payments under the plan.  *See id.*; *In re Foster*, 670 F.2d at 486.  Rather, Trustee affirmatively certified that Debtors "made all payments to the Chapter 13 Trustee."  [ECF No. 69].

A chapter 13 plan ends when *all* payments are completed under the plan or when the term of the plan expires.  *See generally In re Kessler*, 655 F. Appx. at 244.  In this case, Debtors' Plan called for direct payments to CitiFinancial in addition to payments to the Trustee and therefore, Debtors' Plan was not complete when Trustee filed her Notice.  *Compare* [ECF No. 2] *with* [ECF No. 69].

Asserting that Trustee's Notice did not end the Plan, Debtors contend that they are entitled to a discharge because they completed all payments under the Plan.  [ECF No. 86 at 3–4].  Further, Debtors assert that "[a]s long as the payment to CitiFinancial was outstanding, payments under the Plan were not completed under *Kessler*."  *Id.* at 3.  Despite being below-median income earners, Debtors proposed a 60 month plan term, completed their payments to Trustee in month 55 of the Plan, paid 1005 of their allowed general unsecured claims, and tendered a Check in the full amount owed to CitiFinancial pursuant to the Agreed Order in month 56 thus completing the remaining payments under the Plan.  [Debtors' Ex. A]; *see also* [ECF Nos. 2, 69].  It is this last event—the tendering of the check to CitiFinancial—that ended

---

[4] This Court notes that despite listing seven alternatives in the Notice, Trustee fails to affirmatively articulate which situation applies.  Accordingly, pursuant to Fed. R. Bankr. 9011, if Trustee chooses to present language regarding a treatment of a mortgage under a chapter 13 plan, Trustee must make an affirmative statement rather than present this Court with a laundry list of alternatives that may potentially apply.

the Debtors' Plan. *Compare* [ECF No. 2] *with* [ECF No. 69] *and* [Ex. A]. Accordingly, Debtors completed all payments under the Plan and are entitled to a discharge pursuant to § 1328(a). *See In re Kessler*, 655 F. Appx. at 244.

## V. CONCLUSION

Before this Court is a matter of first impression along with a unique set of facts. Debtors moved for entry of a chapter 13 discharge despite the fact that they failed to remain current on their post-petition mortgage payments but then, and pursuant to an Agreed Order entered subsequent to the chapter 13 Trustee's Notice of Plan Completion but prior to the 60th month of the plan, paid the remaining claim in full. Based on the Fifth Circuit's definition of payments under the plan, this Court holds that a debtor's chapter 13 plan does not end in a case where Trustee's notice of plan completion is filed before the last month of the plan, which in this case was the 60th month, and Debtors had not completed making direct payments to the creditor under the Plan. *See In re Kessler*, 655 F. Appx. at 244; *In re Foster*, 670 F.2d at 486. Therefore, Debtors' Plan did not end when Trustee filed her Notice. Rather, Debtors' Plan ended when Debtors tendered the Check to CitiFinancial pursuant to the Agreed Order, which in this particular case occurred simultaneously with the filing of the Certification & Motion For Entry of Discharge. *See* [Ex. A]. Thus, Debtors completed all payments under the Plan within the 60 month term. Accordingly, Debtors are eligible for a discharge under § 1328(a). *See In re Kessler*, 655 F. Appx. at 244. Accordingly, Debtors Certification and Motion for Discharge, [ECF No. 76], is hereby **GRANTED**.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 05/17/2017.

Eduardo V. Rodriguez
United States Bankruptcy Judge